# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FRAZEE, INC.,**

        **Plaintiff,**

**-vs-**                                **Case No.  6:12-cv-1194-Orl-28GJK**

**REEDY CREEK HOSPITALITY, LLC,**
**et al.,**

        **Defendants.**
_____/

# ORDER

This cause is before the Court on the motions for partial summary judgment (Docs. 20 & 22) filed by Plaintiff.[1]  As set forth below, these motions are **DENIED**.

## I.  Background

This case has a convoluted procedural history that will only briefly be recounted here. Plaintiff, a general contractor, filed suit in December 2008 to foreclose on a construction lien. The named Defendants included, among others, the owner and developer of the subject property, a bank that held a mortgage on the property, and junior lienholders.  After the mortgagee bank failed, the Federal Deposit Insurance Corporation ("FDIC") was substituted

---

[1]The pertinent filings are:  (1) Plaintiff's Motion for Partial Summary Judgment as to Defendants, Reedy Creek Hospitality, LLC's and Florida Builders, LLC's Affirmative Defenses (Doc. 20); the Memorandum in Response (Doc. 64); and Plaintiff's Reply (Doc. 71); and (2) Plaintiff's Motion for Partial Summary Judgment as to Defendants NNH Reedy Creek Investments, RN Reedy Creek Investments, LLC, Mohammed Hemani, Nasirrudin Hemani, Ahmed Lakhani, Shamilda Lakhani, Altaf Hemani, Nasreen Hemani, and Courtyards at Reedy Creek Condominium I Association, Inc.'s Affirmative Defenses (Doc. 22); the Memorandum in Response (Doc. 65); and Plaintiff's Reply (Doc. 70).

for the bank as a Defendant, and the FDIC removed the case to this Court in August 2012. (See Notice of Removal, Doc. 1).

Plaintiff moved to remand the case, but the Court denied that motion at a hearing and status conference on December 12, 2012.  (See Order, Doc. 57; Mins., Doc. 59).  At the status conference, the Court asked the parties which, if any, motions filed in state court prior to removal remained pending for resolution.  Plaintiff advised that among the pending matters[2] were its two motions for partial summary judgment—one filed on February 13, 2012 (Doc. 20) and one filed on March 20, 2012 (Doc. 22).  The Court then set response deadlines, and responses and replies have been filed.

## II.  Discussion

Although the subject motions are each titled "Motion for Partial Summary Judgment," the motions attack the legal sufficiency of the affirmative defenses pleaded by the Defendants.  Thus, the motions are, in essence, motions to strike affirmative defenses rather than motions for summary judgment.

The first motion (Doc. 20) was filed in state court on February 13, 2012, and is directed at two Defendants—Reedy Creek Hospitality, LLC, and Florida Builders, LLC—that had filed their Answer and Affirmative Defenses (Doc. 6) in state court on December 20, 2010.  On March 20, 2012, a hearing was held in state court on this motion; Plaintiff has attached a transcript of that hearing to its summary judgment reply, (see Doc. 71-1).

---

[2]The other pending motions have been ruled upon or otherwise resolved.

The hearing transcript reflects that the state court judge ruled on this motion during the March 20 hearing—granting the motion with prejudice as to the fourth affirmative defense and granting it without prejudice and with leave to amend as to the other affirmative defenses.  (See Hr'g Tr., Doc. 70-1, at 45, 50).[3]  Reedy Creek Hospitality, LLC, and Florida Builders, LLC then filed Amended Affirmative Defenses (Doc. 25) on May 25, 2012.  It does not appear that Plaintiff thereafter filed any motion attacking the Amended Affirmative Defenses of these Defendants, though Plaintiff now argues in its Reply (Doc. 71) that the Amended Affirmative Defenses are the same as the initial affirmative defenses and are legally insufficient.  In any event, there is no motion pending as to the Amended Affirmative Defenses, and the Court will not strike them.

The second motion (Doc. 22) was filed in state court on March 20, 2012, and pertains to Defendants NNH Reedy Creek Investments, RN Reedy Creek Investments, LLC, Mohammed Hemani, Nasirrudin Hemani, Ahmed Lakhani, Shamilda Lakhani, Altaf Hemani, Nasreen Hemani, and Courtyards at Reedy Creek Condominium I Association, Inc.  Like the first motion, this motion also attacks the sufficiency of the pleading of affirmative defenses. At the time Plaintiff filed this motion, Plaintiff had filed a Second Amended Complaint (Doc. 12), but these Defendants had not yet responded to that Second Amended Complaint, though they and answered and raised affirmative defenses to a prior complaint (Doc. 2). Plaintiff argues in the motion that the affirmative defenses directed at the prior complaint apply and should be deemed legally insufficient.  (See Doc. 22 at 4-5).  On May 25,

---

[3]A proposed order was discussed at the hearing but apparently was never entered. It is clear from the transcript, however, that the judge disposed of the motion.

2012—two months after Plaintiff's motion was filed—these Defendants filed Affirmative Defenses (Doc. 25) to the Second Amended Complaint.  Plaintiff did not thereafter move to strike these Affirmative Defenses.  Thus, strictly speaking, there is no motion pending as to these Affirmative Defenses—which were filed after Plaintiff's motion—and the motion (Doc. 22) will be denied as moot.

Even if the Court reached the merits of either of these motions, motions to strike are disfavored, regarded as a "drastic remedy," and "usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Montoya v. L.C. 1 Trucking Corp., No. 12-23816-CIV, 2013 WL 588322, at *1 (S.D. Fla. Feb. 13, 2013) (internal quotation omitted).  Moreover, such motions are committed to the broad discretion of the court.  Id.  The parties noted at the December hearing in this Court and at the March 2012 hearing in state court that this case has been pending since 2008 and has stalled at various times for myriad reasons.  As earlier noted, the current motions are titled as motions for partial summary judgment but in actuality challenge the sufficiency of Defendants' pleadings.  Plaintiff will not be precluded from filing a motion for summary judgment on the merits of the case[4]—including the merits of Defendants' affirmative defenses—but the instant motions do not advance the progress of this litigation.

### III.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

---

[4]As set forth in the Case Management and Scheduling Order (Doc. 87), the deadline for the filing of dispositive motions is November 1, 2013.

1.  Plaintiff's Motion for Partial Summary Judgment as to Defendants, Reedy Creek Hospitality, LLC's and Florida Builders, LLC's Affirmative Defenses (Doc. 20) was ruled upon by the state court judge prior to removal and is no longer pending.

2.  Plaintiff's Motion for Partial Summary Judgment as to Defendants NNH Reedy Creek Investments, RN Reedy Creek Investments, LLC, Mohammed Hemani, Nasirrudin Hemani, Ahmed Lakhani, Shamilda Lakhani, Altaf Hemani, Nasreen Hemani, and Courtyards at Reedy Creek Condominium I Association, Inc.'s Affirmative Defenses is **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida this 4th day of April, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

-5-